# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

Courtesy Outdoor Finance, LLC                                 Civil Action 10-1382

versus                                                    Judge Tucker L. Melançon

Bass Ltd., et al                                   Magistrate Judge Patrick J. Hanna

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment filed by plaintiff Courtesy Outdoor Finance LLC ("Courtesy") [Rec. Doc. 29] against defendants Bass Ltd, Bass Digital Sign Sales LLC ("Bass Digital") and Stephen B. Sonnier (collectively known as "defendants" or "Bass"); defendants' oppositions to the motion [Rec. Docs. 35; 36] and Courtesy's reply thereto [Rec. Doc. 42]; as well as Courtesy's opposition to defendant's motion pursuant to Rule 56(d) [Rec. Doc. 39] and defendants' reply thereto [Rec. Doc. 42].  For the reasons that follow, the Motion will be denied.

### I. Background

#### i. The Bass Ltd. Indebtedness

Courtesy's Complaint alleges the following.  On or about February 28, 2007, Bass Ltd. executed a promissory note in favor of plaintiff in the original principal amount of Three Million and 00/100 Dollars ($3,000,000.00), bearing interest at a rate equal to the sum of the London Interbank Offered Rates ("LIBOR")  plus 8.75% per annum ("Note A").   Bass Ltd. subsequently amended Note A by executing the First Amendment to Promissory Note dated July 18, 2007, Second Amendment to Promissory Note dated March 10, 2008 (increasing the available principal amount

to $3,500,000.00), and Third Amendment to Promissory Note dated April 1, 2009 (increasing the available principal amount to $4,250,000.00).

Note A is secured by a Commercial Security Agreement ("Bass Ltd. CSA") executed by Bass Ltd. on February 28, 2007, and amended by the First Amendment to Loan Documents dated July 18, 2007, Second Amendment to Loan Documents dated March 10, 2008, and Third Amendment to Loan Documents dated April 1, 2009. In the Bass Ltd. CSA, Bass Ltd. granted to plaintiff a security interest in all assets in Bass Ltd. ("Collateral A"). Courtesy's security interest in Collateral A was perfected by the filing and recordation of the appropriate UCC-1 Financing Statements.

Courtesy alleges that Bass Ltd. failed to make the required payments, thereby defaulting under the terms and conditions of Note A. Courtesy further alleges that as of November 3, 2010, the total amount due and unpaid on Note A after credit for all payments received is Four Million One Hundred Thirty Thousand Three Hundred Ninety-Six and 93/100 Dollars ($4,130,396.93) principal, Three Hundred Sixty-One Thousand Seven Hundred Twenty-Six and 19/100 Dollars ($361,726.19) interest, Ninety-Five Thousand and 00/100 Dollars ($95,000.00) additional interest, Forty-Seven Thousand Five Hundred and 00/100 Dollars ($47,500.00) late fees, interest continuing to accrue, plus reasonable costs and expenses, including attorneys' fees and expenses (the "Note A Indebtedness").

### ii. The Bass Digital Indebtedness

On July 18, 2007, Bass Digital Sign Sales, LLC ("Bass Digital") executed a promissory note in favor of Plaintiff in the original principal amount of One Million Five Hundred Thousand and 00/100 Dollars ($1,500,000.00) ("Note B"), bearing interest at a rate equal to the sum of LIBOR plus 8.75% per annum. Bass Digital subsequently amended Note B by the First Amendment to Digital

2

Promissory Note dated March 10, 2008, and Second Amendment to Digital Promissory Note dated April 1, 2009.

Note B is secured by Commercial Security Agreement ("Bass Digital CSA") executed by Bass Digital on July 18, 2007, and amended by the First Amendment to Digital Loan Documents dated March 10, 2008, and the Second Amendment to Digital Loan Documents dated April 1, 2009. In the Bass Digital CSA, Bass Digital granted to Courtesy a security interest in all assets of Bass Digital ("Collateral B"). Courtesy's security interest in Collateral B was perfected by the filing and recordation of the appropriate UCC-1 Financing Statements.

Courtesy alleges that Bass Digital failed to make the required payments, thereby defaulting under the terms and conditions of Note B. Courtesy further alleges that as of November 3, 2010, the total amount and unpaid on Note B after credit for all payments received is One Million Seventy Thousand Two Hundred Sixty and 93/100 Dollars ($1,070,260.93) principal, One Hundred Fourteen Thousand Nine Hundred Nineteen and 52/100 Dollars ($114,919.52) interest, Ninety-Five Thousand and 00/100 Dollars ($95,000.00) additional interest, Forty-Seven Thousand Five Hundred and 00/100 Dollars ($47,500.00) late fees, interest continuing to accrue, plus reasonable costs and expenses, including attorneys' fees and expenses.

### iii.  The Guaranty Agreements

Note A is secured by a Guaranty executed by defendant Sonnier on February 28, 2007, and amended by the First Amendment to Guaranty dated March 10, 2008, and the Second Amendment to Guaranty dated April 1, 2009 (collectively referred to as the "Note A Guaranties"). Note A is further secured by a Guaranty and Security Agreement executed by Bass Digital on July 18, 2007,

3

and amended by the First Amendment to the Guaranty and Security Agreement dated April 1, 2009 (collectively referred to as the "Bass Digital Guaranties").

Note B is secured by a Guaranty executed by Sonnier on July 18, 2007, and amended by the First Amendment to Guaranty dated April 1, 2009 (collectively referred to as the "Note B Guaranties")**.**  Note B is further secured by a Guaranty and Security Agreement executed by Bass Ltd. on July 18, 2007, and amended by the First Amendment to the Guaranty and Security Agreement dated April 1, 2009 (collectively referred to as the "Bass Ltd. Guaranties").  In each of the above described guaranties, Sonnier (both individually and as manager of Bass Ltd. and Bass Digital) "unconditionally guarantee[d] the full and punctual payment and performance when due" of all indebtedness and/or obligations owed to Courtesy by Bass Ltd. or Bass Digital.

Courtesy filed this action against defendants on September 2, 2010,  alleging that (1) Bass Ltd is liable to plaintiff for the indebtedness of Note A; (2)  Bass Digital is liable to plaintiff for the indebtedness of Note B indebtedness; and, (3) Sonnier is liable to plaintiff for his guaranty of the indebtedness of Note A and Note B; and, (4) all defendants are additionally liable for interest, attorneys fees, and all costs of this matter.  *R. 1*.  Defendants filed answers to plaintiff's Complaints on November 30 and December 1, 2010.  *R. 20; 21; 22*. On January 7, 2011, the Court issued a Scheduling Order in this case, *R. 28,* and on January 27, 2011, Courtesy filed this Motion for Summary Judgment.  *R. 29.*

## II. Summary Judgment Standard

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56;  *Little v. Liquid Air*

*Corp.*, 37 F.3d 1069 (5th Cir. 1994)(en banc).  Initially, the party moving for summary judgment must demonstrate the absence of any genuine issues of material fact. When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Id*. If the moving party fails to carry this burden, his motion must be denied. If he succeeds, however, the burden shifts to the non-moving party to show that there is a genuine issue for trial.[1] *Id*. at 322-23.

Once the burden shifts to the respondent, he must direct the attention of the court to evidence in the record and set forth specific facts sufficient to establish that there is a genuine issue of material fact requiring a trial.  *Celotex Corp.,* 477 U.S. at 324; Fed.R.Civ.Pro. 56(c). The responding party may not rest on mere allegations or denials of the adverse party's pleadings as a means of establishing a genuine issue worthy of trial, but must demonstrate by affidavit or other admissible evidence that there are genuine issues of material fact or law.

---

[1]  Where the nonmoving party has the burden of proof at trial, the moving party does not have to produce evidence which would negate the existence of material facts. It meets its burden by simply pointing out the absence of evidence supporting the non-moving party's case. *Celotex Corp.,* 477 U.S. at 325.  To oppose the summary judgment motion successfully, the non-moving party must then be able to establish elements essential to its case on which it will bear the burden of proof at trial. A complete failure of proof by the non-moving party of these essential elements renders all other facts immaterial. *Id*. at 322.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986);  *Adickes v. S.H. Kress & Co.*,

398 U.S. 144. 159 (1970); *Little*, 37 F.3d at 1075. There must be sufficient evidence favoring

the non-moving party to support a verdict for that party. *Anderson,* 477 U.S. at 249; *Wood*

*v. Houston Belt & Terminal Ry.,* 958 F.2d 95, 97 (5th Cir. 1992). There is no genuine issue

of material fact if, viewing the evidence in the light most favorable to the non-moving party,

no reasonable trier of fact could find for the non-moving party. *Lavespere v. Niagara Mach.*

*& Tool Works, Inc.,* 910 F.2d 167, 178 (5th Cir.1990).

If no issue of fact is presented and if the mover is entitled to judgment as a matter of

law, the court is required to render the judgment prayed for.  Fed. R. Civ. P. 56(a);  *Celotex*

*Corp.*, 477 U.S. at 322.  Before it can find that there are no genuine issues of material fact,

however, the court must be satisfied that no reasonable trier of fact could have found for the

non-moving party.  *Id.*

## III. Law and Analysis

Courtesy moves the Court to grant its motion for summary judgment as a matter of

law, holding that defendants owe Courtesy the unpaid promissory notes and recognition of

security interests.  It is well settled that suits on promissory notes are appropriate questions

for summary judgment.  *See, e.g. Colony Creek, Ltd v. RTC*, 941 F.2d at 1325-26 (5th

Cir.1991).  The elements of an action for breach of a promissory note and guaranty are: 1)

that the note and guaranty existed; 2) that defendants signed the note and guaranty; 3) that

the plaintiff legally owned and held the note and guaranty; 4) that default occurred; and 5)

that a certain balance remains due and payable on the note. *F.D.I.C. v. Foxwood Management Co.,* 15 F.3d 180 (5th Cir. 1994). "Once the plaintiff, the holder of a promissory note, proves the maker's signature, or the maker admits it, the holder has made out his case by mere production of the note and is entitled to recover in the absence of any further evidence." *Premier Bank, Nat. Ass'n v. Percomex, Inc*., 615 So.2d 41, 43 (La.App. 3 Cir.,1993). Once the plaintiff has met his burden of proof, the burden shifts to the defendant to prove the existence of a triable issue of fact. *Id*. In order to defeat summary judgment, the defendant must assert a valid defense to liability on the note. *Id*.

Defendants contend that summary judgment is inappropriate at this time under Rule 56(d) of the Federal Rules of Civil Procedure because there has not been adequate opportunity to conduct discovery, and therefore, defendants cannot properly oppose the motion for summary judgment. Rule 56(d) provides in pertinent part:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
> Fed. R. Civ. P. 56(d).

"Rule 56(d) discovery motions are 'broadly favored and should be liberally granted' because the rule is designed to 'safeguard non-moving parties from summary judgment motions that they cannot adequately oppose.' *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir.2006). The nonmovant, however, 'may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts.' *SEC v. Spence & Green*

*Chem. Co.*, 612 F.2d 896, 901 (5th Cir.1980). Rather, a request to stay summary judgment under Rule 56(d) must 'set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.' *C.B. Trucking, Inc. v. Waste Management Inc.*, 137 F.3d 41, 44 (1st Cir.1998) (internal quotation marks and citations omitted). 'If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment.' *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir.1999); *see also Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir.1990) ('This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.')." *Raby v. Livingston,* 600 F.3d 552, 561 (5th Cir., 2010). Thus, to obtain a Rule 56(d) continuance in order to conduct further discovery prior to a ruling on a motion for summary judgment, the nonmovant must make essentially three showings: (1) a description of the particular discovery the movant intends to seek; (2) an explanation showing how that discovery would preclude the entry of summary judgment; and (3) a statement justifying why this discovery had not been or could not have been obtained earlier. *Id.*

8

In support of its Rule 56(d) request, defendants argue that plaintiff's motion for summary judgment was filed only twenty (20) days after the entry of the Scheduling Order, and the day before the parties were to exchange their Rule 26(a)(1) initial disclosures.  Defendants submit the Affidavit of Stephen B. Sonnier, *R. 36, Exh. A*, which provides that at this time, prior to the commencement of discovery, defendants cannot present facts sufficient to fully justify its opposition to plaintiff's motion for summary judgment.   Defendants represent that without discovery, defendants cannot learn: (1) how plaintiff reached its conclusions underlying the alleged indebtedness under the Notes and the Guaranty and Security Agreements as set out in the Amended Complaint; (2) whether counterclaims can be asserted against plaintiff; and, (3) whether third party lien claimants exist to challenge the plaintiff's security interest.

In particular, defendants disagree with plaintiff's interpretation and reading of the loan documents, and dispute plaintiff's calculation of principal, interest, and late charges claimed by plaintiff.   Defendants represent that time is necessary to conduct discovery to clarify and fully determine possible counterclaims.   More specifically, they contend that effective June 29, 2010, defendants executed a set of confidentiality agreements with Courtesy and Marco Outdoor Advertising ("Marco"), and also signed a confidentiality agreement with Stark Capital Solutions, Inc. ("Stark") on July 16, 2010. *Id., Exh. B.*   Defendants believe that discovery should establish (1) that after obtaining confidential information from defendants, Courtesy transmitted certain confidential information including financial information (monthly and cumulative profit and loss, income statements and balance sheets for the first several months of 2010) to Marco (or its representatives); (2) that Courtesy negotiated directly with Marco within the context of the confidential information concerning a buyout of the assets of defendants in violation of the confidentiality agreement to the

detriment of defendants; and, (3) that Courtesy has provided Stark with confidential information in violation of the confidentiality agreements to the detriment of defendants.  Defendants aver that discovery is necessary to "flesh out" counterclaims resulting from the violation of the confidentiality agreement with Courtesy.  If Courtesy is shown to have violated the confidentiality agreement in an attempt to exert control over the assets and business of defendants, defendants represent they will amend their answer to add such counterclaims.  Lastly, defendants contend that while Courtesy has asserted a blanket lien against all of defendants' collateral, they have been unable to verify Courtesy's security interest and make a determination regarding whether or not a lien claim by a third party may exist.

While Courtesy challenges defendants' assertions under Rule 56(d) as being vague and nonspecific, the Court finds that defendants have presented sufficient specific facts establishing that discovery is necessary in order to provide defendants with an opportunity to rebut Courtesy's claim of the absence of a genuine issue of fact. Summary judgment is not appropriate until after the non-movant has had a fair opportunity for discovery of information essential to its opposition to movant's motion. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986).  Thus, Courtesy's motion for summary judgment will be denied without prejudice as premature.

Despite the deadline set by the Scheduling Order that issued herein on January 7, 2011, *R. 28*, the Court will grant defendants 45 days from the date of the entry of this Order to conduct all discovery related to the issues raised in their opposition to plaintiff's motion as well as in their Rule 56(d) motion. **NO FURTHER EXTENSION** of the newly established discovery deadline as it

relates to plaintiff's motion for summary judgment will be granted.  Courtesy may reassert its motion, if appropriate, 46 days after entry of this Order.

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

Courtesy Outdoor Finance, LLC                              Civil Action 10-1382

versus                                                  Judge Tucker L. Melançon

Bass Ltd., et al                              Magistrate Judge Patrick J. Hanna

## JUDGMENT

In accordance with the Memorandum Ruling issued on this date and the reasons stated therein, it is

**ORDERED** that the Motion for Summary Judgment filed by plaintiff Courtesy Outdoor Finance LLC [Rec. Doc. 29] is **DENIED.**

**IT IS FURTHER ORDERED** that within forty-five (45) days of the entry of this Order, defendants, Bass Ltd, Bass Digital Sign Sales LLC and Stephen B. Sonnier, are to conduct all discovery related to the issues raised in their opposition to plaintiff's motion for summary judgment as well as in their Rule 56(d) motion [Rec. Doc. 35; 36].

**IT IS FURTHER ORDERED** that no further extension of the newly established deadline will be granted. Should defendants need the assistance of the Court to meet the deadline, they must make a timely request for same pursuant to the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that within forty-six (46) days of the entry of this order, plaintiff may reassert its motion for summary judgment, if appropriate.

**THUS DONE AND SIGNED** in Lafayette, Louisiana, on this 16th day of March, 2011.

_____
Tucker L. Melançon
UNITED STATES DISTRICT JUDGE